**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
WILFREDO PENA DUARTE and CARLOS
ALBERTO PENA DUARTE,

                     Plaintiffs,        **ORDER**
                                                13-cv-0596 (ADS)(GRB)
       -against-

FALCON GENERAL CONSTRUCTION
SERVICES, INC., GENNARO FESTA a/k/a
JERRY FESTA, FALCON DEVELOPMENT
GROUP, INC., and SEWELL CONTRACTING,
INC.

                     Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Frank & Associates P.C.**
*Attorneys for the Plaintiffs*
500 Bi-county Blvd, 112n
Farmingdale, NY 11735
       By:    Peter Arcadio Romero, Esq.
                  Andrea E. Batres, Esq.
                  Edward Lee Sample, II, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendants*

**SPATT, District Judge.**

       On February 1, 2013, the Plaintiffs Wilfredo Pena Duarte and Carlos Alberto Pena Duarte commenced this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et seq.* against the Defendants Falcon General Construction Services, Inc. ("Falcon General") and Gennaro Festa a/k/a Jerry Festa ("Festa").

On November 13, 2013, this Court granted the Plaintiffs' unopposed motion to amend the complaint to add two additional Defendants, Falcon Development Group, Inc. ("Falcon Development") and Sewell Contracting Inc. ("Sewell").

On January 20, 2014, the Plaintiffs requested that the Clerk enter the default of the Defendants Falcon General, Falcon Development, and Sewell. The Plaintiffs did not request that the Clerk enter the default of Festa.

On January 21, 2014, the Clerk noted the default of the Defendants Falcon General, Falcon Development, and Sewell.

On January 29, 2014, the Plaintiffs moved for a default judgment. That same day, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On September 11, 2014, Judge Brown issued a thorough Report and Recommendation that the Plaintiffs' motion for entry of a default judgment against Falcon General, Falcon Development, and Sewell be denied. In particular, Judge Brown concluded that the amended complaint failed to provide the essential factual predicates to establish the liability of those defendants under the FLSA for purposes of the motion for default judgment. Judge Brown further recommended that the Court decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Brown's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Brown's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED**, that Judge Brown's Report and Recommendation is adopted in its entirety; and it is further

**ORDERED**, that the Plaintiffs' motion for a default judgment against Falcon General, Falcon Development, and Sewell is denied; and it is further

**ORDERED**, that the Court *sua sponte* dismisses that part of the amended complaint raising FLSA claims against Falcon General, Falcon Development, and Sewell, Siemieniewicz v. Caz Contracing Corp., 11-CV-0704 (JG), 2012 WL 5183000, at *1 (E.D.N.Y. Oct. 18, 2012)(adopting Report & Recommendation denying default judgment and dismissing the complaint *sua sponte*); and it is further

**ORDERED,** that the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims against Falcon General, Falcon Development, and Sewell and that part of the amended complaint is dismissed without prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2014

*Arthur D. Spatt*          
ARTHUR D. SPATT
United States District Judge