```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
WILFREDO PENA DUARTE and CARLOS
ALBERTO PENA DUARTE,

                    Plaintiffs,           **ORDER**
                                            13-cv-596 (ADS)(AYS)

        -against-

GENNARO FESTA a/k/a JERRY FESTA,

                    Defendant.
```
----------------------------------------------------------X
```
**APPEARANCES:**

**Frank & Associates P.C.**
*Attorneys for the Plaintiffs*
500 Bi-county Blvd, 112n
Farmingdale, NY 11735
        By:    Peter A. Romero, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendant*

**SPATT, District Judge.**

       On February 1, 2013, the Plaintiffs Wilfredo Pena Duarte and Carlos Alberto Pena Duarte, represented by counsel, commenced this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et seq.* against the former Defendant Falcon General Construction Services, Inc. ("Falcon General") and the Defendant Gennaro Festa a/k/a Jerry Festa ("Festa").

       On November 13, 2013, this Court granted the Plaintiffs' unopposed motion to amend the complaint to add two additional Defendants, Falcon Development Group, Inc. ("Falcon Development") and Sewell Contracting Inc. ("Sewell").

On January 20, 2014, the Plaintiffs requested that the Clerk enter the default of the Defendants Falcon General, Falcon Development, and Sewell. The Plaintiffs did not request that the Clerk enter the default of Festa.

On January 21, 2014, the Clerk noted the default of the Defendants Falcon General, Falcon Development, and Sewell.

On January 29, 2014, the Plaintiffs moved for a default judgment. That same day, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On September 11, 2014, Judge Brown issued a thorough Report and Recommendation stating that the Plaintiffs' motion for entry of a default judgment against Falcon General, Falcon Development, and Sewell be denied. In particular, Judge Brown concluded that the amended complaint failed to provide the essential factual predicates to establish the liability of those defendants under the FLSA for purposes of the motion for a default judgment. Judge Brown further recommended that the Court decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims.

On September 30, 2014, the Court adopted Judge Brown's Report and Recommendation in its entirety. The Court denied the motion for a default judgment and *sua sponte* dismissed that part of the amended complaint raising FLSA claims against Falcon General, Falcon Development, and Sewell. The Court also declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims against Falcon General, Falcon Development, and Sewell and that part of the amended complaint was dismissed without prejudice.

On March 6, 2015, Judge Brown directed the Plaintiffs' counsel to inform the Court of the status of this case. The status report was to be supplied by way of a writing to be filed electronically within ten days of that order. The March 6th Order noted that there had been no activity in this case since September of 2014 and warned the Plaintiffs that failure to respond would result in a Report and Recommendation to the District Court that the case be dismissed for failure to prosecute. Counsel for Plaintiffs failed to comply with Judge Brown's order.

On March 30, 2015, the matter was re-assigned from Judge Brown to United States Magistrate Judge Anne Y. Shields. That same day, Judge Shields issued an order directing counsel to inform the Court, by way of an electronically filed joint letter, of the status of the case and whether there were any motions pending.

To date, there has been no response to that order. Further, as noted by Judge Brown, there has been no activity on this docket against the Defendant since September 2014.

On May 1, 2015, Judge Shields issued a Report and Recommendation that the case be dismissed for failure to prosecute "[i]n view of the foregoing lack of activity, and in particular counsel's failure to respond to both the March 6 Order and the order of this Court."

More than fourteen days have elapsed since service of this Report on the Plaintiffs.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the May 1, 2015 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the Court hereby adopts the May 1, 2015 Report and Recommendation in its entirety and dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court notes that, under Second Circuit precedent, *sua sponte* dismissal for failure to prosecute under Rule 41(b) "operates as an adjudication on the merits" and that such a dismissal

is with prejudice. Jackson v. New York State, 523 F. App'x 67, 68 (2d Cir. 2013); New Phone Co. v. New York City Dep't of Info. Tech. & Telecommunications, No. 06CV3529(JG)(KAM), 2007 WL 2908110, at *19 (E.D.N.Y. Oct. 5, 2007)("A dismissal by the Court *sua sponte* under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and such a dismissal is with prejudice."); Charles v. City of New York, No. 99 CIV. 3786 (RWS), 2007 WL 2728407, at *7 (S.D.N.Y. Sept. 17, 2007)(same). The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
May 18, 2015

*Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge